RIKER DANZIG SCHERER HYLAND & PERRETTI LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
(973) 538-0800
Attorneys for IBM

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, as Administrator of the IBM PERSONAL PENSION PLAN,<br><br>Plaintiff,<br><br>vs.<br><br>GEORGE W. CURRY,<br><br>Defendant. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO.:<br><br><br>COMPLAINT |

Plaintiff, International Business Machines Corporation ("IBM") as the Administrator of the IBM Personal Pension Plan ("the Plan"), by way of Complaint against Defendant George W. Curry ("Defendant" or "Curry"), says:

### NATURE OF ACTION

1. This is an action by IBM, as Administrator of the Plan, to recover funds which were mistakenly paid by the Plan to the IBM Savings Plan account of IBM's former employee, Defendant George W. Curry, to which he was not entitled and is legally required to return.

### THE PARTIES

2. The Plan is a defined benefit plan administered by IBM, a New York corporation whose principal place of business is located at 1 New Orchard Road, Armonk, New York 10504.

The administration of the Plan is covered by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et. seq. ("ERISA").

3. Defendant George W. Curry is an individual residing at 751 Broadway, Paterson, New Jersey 07514. Defendant has been a resident of the State of New Jersey at all times relevant herein.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 by virtue of the IBM's federal common law claim for unjust enrichment and conversion relating to the ERISA.

5. This Court also has jurisdiction over this matter on the basis of diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332.

## GENERAL ALLEGATIONS

6. Defendant was an employee of IBM from approximately June 25, 1973 through June 30, 2005 when he retired.

7. Defendant was a participant in the Plan.

8. In connection with his employment, Defendant elected an in-service withdrawal in the form of a lump sum distribution from the Plan.

9. In August 2003, Defendant communicated on at least three separate occasions with individuals in the IBM Employee Services Center each of whom confirmed with Defendant that the amount of the distribution from the Plan to Defendant's IBM Savings Plan account would be approximately $237,325.31 payable on or about September 12, 2003.

2

10. On September 8, 2003, the Plan issued a distribution check in the amount of $237,422.83 to Defendant which was deposited into Defendant's IBM Savings Plan account as an eligible rollover transaction under the Federal Income Tax Code.

11. On September 15, 2003, another distribution check in the amount of $237,325.31 was similarly issued by the Plan to Defendant and was also deposited into Defendant's IBM Savings Plan account.

12. Defendant received notice of both distributions.

13. The first check in the amount of $237,422.83 was sent in error and was not an eligible rollover transaction.

14. Defendant neither has nor had any legal entitlement to this overpayment.

15. Defendant knew of, or should have known, that the two checks represented an overpayment and/or a mistaken distribution.

16. Defendant knowingly failed to disclose to the Plan that he had received an overpayment of $237,422.83 or a double payment.

17. Defendant deliberately and with the intention to permanently deprive the Plan of this overpayment withdrew funds from his IBM Savings Plan account well in excess of the amount rightfully deposited into that account.

18. In or about June 2006, during the course of an internal audit, it was discovered that Defendant had received an overpayment of $237,422.83 from the Plan account in September 2003.

19. It was also discovered that Defendant had withdrawn funds totaling $312,000.00 from his IBM Savings Plan account between June 3, 2003 and January 25, 2006, leaving an account balance of slightly less than $200,000.00.

20. Via letter dated June 23, 2006, IBM, as Plan Administrator, notified Defendant of the overpayment mistake and requested that the overpaid funds and the interest accrued thereon be returned to the Plan by no later than Friday, June 30, 2006.

21. Representatives of IBM, as Plan Administrator, have also spoken to Defendant regarding the overpayment and requested that Defendant reimburse the Plan.

22. On June 28, 2006, Defendant informed these persons that he would not repay the Plan.

23. On or about August 2, 2006, IBM, as Plan Administrator, recovered on behalf of the Plan, $197,656.92 from Defendant's IBM Savings Plan account and took steps necessary to restore those funds to the Plan.

24. IBM, as Plan Administrator, sent Defendant a subsequent letter, dated August 9, 2006, advising Defendant that $197,656.92 had been returned to the Plan, reducing his IBM Savings Plan account balance to zero.

25. The letter further advised Defendant that his remaining unreturned portion of the overpayment with interest was $77,188.46 and asked that he return this amount to the Plan by Friday, August 18, 2006 or the Plan would be forced to take legal action.

26. On August 10, 2006, Defendant communicated to Plan representatives that he would not repay this amount.

## COUNT ONE

### UNJUST ENRICHMENT

27. IBM repeats the allegations of paragraphs 1 through 26 as if set forth at length herein.

4

28. A benefit in the form of the use of $237,422.83 for a period of nearly three years and the continued retention of $77,188.46 has been conferred upon Defendant by the Plan as a result of an error.

29. Defendant knew he had mistakenly received a double distribution as a result of communications he had with IBM and the Plan.

30. Defendant elected to accept and retain the benefit of the overpayment of funds and has refused to return the mistaken overpayment to the Plan despite the inequity of retaining the funds.

31. By his actions, conduct and omissions, Defendant is seeking to unjustly enrich himself and in fact has unjustly enriched himself at the Plan's expense.

## COUNT TWO

## CONVERSION

32. The Plan repeats the allegations of paragraphs 1 through 31 as if set forth at length herein.

33. The Plan mistakenly and inadvertently made an overpayment of funds to Defendant which he knowingly converted to his own use and benefit to the exclusion of the Plan.

34. Despite numerous requests that the monies be returned, Defendant has refused to return the funds to the Plan.

35. The Plan has suffered and will continue to suffer damages as a result of Defendant's wrongful and unauthorized conduct.

**WHEREFORE**, IBM, as Administrator of the Plan, demands judgment against Defendant George W. Curry, for (1) the remaining overpayment of $77,188.46; (2) rescission of the monies he mistakenly received and retains; (3) prejudgment and post-judgment interest; (4)

5

attorneys' fees and costs of suit; and (5) such other and further relief as the Court deems just and proper.

### CERTIFICATION PURSUANT TO L.CIV.R. 11.2

It is hereby certified that the within matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor are any other actions or arbitration proceedings contemplated. Furthermore, I am not aware of any other party who should be joined in this action.

RIKER, DANZIG, SCHERER, HYLAND & PERRETTI, LLP
Attorneys for IBM

By: s/ Michael K. Furey

Dated: October 16, 2006

3694659.1/2822-84